1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

AMAZON.COM, INC., a Delaware corporation; AMAZON.COM SERVICES LLC, a Delaware limited liability company; and YETI COOLERS, LLC, a Delaware limited liability company,

Plaintiffs,

v.

SEMRA ACAR, an individual d/b/a Amazon Selling Account Semra Acar; DERYA BICKES, an individual d/b/a Amazon Selling Account Deryastore46; and DOES 1-10,

Defendants.

No. 2:23-cv-749

COMPLAINT FOR DAMAGES AND EQUITABLE RELIEF

## I.   INTRODUCTION

1.      This case involves Defendants' unlawful and expressly prohibited sale of counterfeit YETI drinkware. Amazon.com, Inc. and Amazon.com Services LLC (collectively, "Amazon"), and YETI Coolers, LLC ("YETI") (together with Amazon, "Plaintiffs") jointly bring this lawsuit to permanently prevent and enjoin Defendants from causing future harm to Amazon's and YETI's customers, reputations, and intellectual property ("IP"), and to hold Defendants accountable for their illegal actions.

2.      Amazon owns and operates the Amazon.com store (the "Amazon Store") and equivalent counterpart international stores and websites. Amazon's stores offer products and

Davis Wright Tremaine LLP
920 Fifth Avenue, Suite 3300
Seattle, WA  98104-1640
206.622.3150 main · 206.757.7700 fax

services to customers in more than 100 countries around the globe. Some of the products are sold directly by Amazon, while others are sold by Amazon's numerous third-party selling partners. The Amazon brand is one of the most well-recognized, valuable, and trusted brands in the world. To protect its customers and safeguard its reputation for trustworthiness, Amazon invests heavily in both time and resources to prevent counterfeit and infringing goods from being sold in its stores. In 2022 alone, Amazon invested over $1.2 billion and employed more than 15,000 people to protect its stores from fraud and abuse. Amazon stopped over 800,000 suspected bad-actor selling accounts before they published a single listing for sale.

3.      YETI is, and for years has been, a leading manufacturer, designer, developer, retailer, and distributor of innovative products, including portable coolers, drinkware, bags, and apparel. YETI has continuously engaged in the design, development, manufacture, promotion, distribution of a variety of high-quality goods, including YETI's portable coolers, drinkware, bags, apparel, and other products, using multiple common law and federally registered trademarks, including those identified in Paragraph 4 below. The public has come to associate products sold under these trademarks with YETI's reputation for exceptional quality. YETI is the owner of all registered and common law rights associated with the above-referenced marks as used in connection with the promotion, advertisement, and distribution of goods in the United States. YETI offers for sale and sells its trademarked goods throughout the United States, including within the State of Washington and specifically in this District. YETI has built a strong following of brand loyalists throughout the world, ranging from serious outdoor enthusiasts to individuals who simply value products of uncompromising quality and design. One of YETI's most popular products is its YETI RAMBLER® drinkware series, made from durable stainless steel with double-wall vacuum insulation to protect both hot and cold beverages. Specifically, the design and features of the RAMBLER® drinkware products have received widespread public acclaim. Outside magazine recently called YETI's RAMBLER® mug "the best mug ever made."

4.      YETI owns, manages, enforces, licenses, and maintains IP, including various trademarks. Relevant to this Complaint, YETI owns the following registered trademarks ("YETI

COMPLAINT FOR DAMAGES AND EQUITABLE RELIEF - 2

Trademarks"):

| Mark | Registration No. (International Classes) |
|---|---|
| YETI | No. 3,203,869 (IC 21) |
| YETI | No. 5,392,333 (IC 40) |
| **YETI** | No. 5,330,469 (IC 40) |
| RAMBLER | No. 5,233,441 (IC 21) |
| YETI RAMBLER | No. 5,409,905 (IC 21) |

True and correct copies of the registration certificates for the YETI Trademarks are attached as **Exhibit A.**

5.      From in or about June 2022 through November 2022, Defendants advertised, marketed, offered, distributed, and sold counterfeit YETI products in the Amazon Store, using the YETI Trademarks, without authorization, in order to deceive customers about the authenticity and origin of the products and the products' affiliation with YETI.

6.      As a result of their illegal actions, Defendants have infringed and misused YETI's IP; breached their contract with Amazon; willfully deceived and harmed Amazon, YETI, and their customers; compromised the integrity of the Amazon Store; and undermined the trust that customers place in Amazon and YETI. Defendants' illegal actions have caused Amazon and YETI to expend significant resources to investigate and combat Defendants' wrongdoing and to bring this lawsuit to prevent Defendants from inflicting future harm to Amazon, YETI, and their customers.

## II.    PARTIES

7.      Amazon.com, Inc. is a Delaware corporation with its principal place of business in Seattle, Washington. Amazon.com Services LLC is a Delaware company with its principal place of business in Seattle, Washington.

8.      YETI is a Delaware limited liability company with its principal place of business in Austin, Texas.

COMPLAINT FOR DAMAGES AND EQUITABLE RELIEF - 3

9.      Defendants are a collection of individuals and entities, both known and unknown, who conspired and operated in concert with each other to engage in the counterfeiting scheme alleged in this Complaint. Defendants are the individuals and/or entities who operated, controlled, and/or were responsible for the selling accounts detailed in Section D of the Facts ("Defendants' Selling Accounts" or "Selling Accounts"). Defendants are subject to liability for their wrongful conduct both directly and under principles of secondary liability including, without limitation, *respondeat superior*, vicarious liability, and/or contributory infringement.

10.      On information and belief, Defendant Derya Bickes (the "Bickes Defendant"), d/b/a Amazon selling account Deryastore46, is an individual residing in Kahramanmaras, Turkey who personally participated in and/or had the right and ability to supervise, direct, and control the wrongful conduct alleged in this Complaint, and derived a direct financial benefit from that wrongful conduct.

11.      On information and belief, Defendant Semra Acar (the "Acar Defendant"), d/b/a Amazon selling account Semra Acar, is an individual residing in Mardin, Turkey who personally participated in and/or had the right and ability to supervise, direct, and control the wrongful conduct alleged in this Complaint, and derived a direct financial benefit from that wrongful conduct.

12.      On information and belief, Defendants Does 1-10 (the "Doe Defendants") are individuals and/or entities working in active concert with each other and the named Defendants to knowingly and willfully manufacture, import, advertise, market, offer, distribute, and sell counterfeit YETI products. The identities of the Doe Defendants are presently unknown to Plaintiffs.

### III.      JURISDICTION AND VENUE

13.      The Court has subject matter jurisdiction over YETI's Lanham Act claim for trademark infringement, and counterfeiting, and Amazon's and YETI's Lanham Act claims for false designation of origin and false advertising, pursuant to 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331 and 1338(a). The Court has subject matter jurisdiction over Amazon's breach of

COMPLAINT FOR DAMAGES AND EQUITABLE RELIEF - 4

contract claim and Amazon's and YETI's claims for violation of the Washington Consumer Protection Act, pursuant to 28 U.S.C. §§ 1332 and 1367.

14.     The Court has personal jurisdiction over Defendants because they transacted business and committed tortious acts within and directed to the State of Washington, and Amazon's and YETI's claims arise from those activities. Defendants affirmatively undertook to do business with Amazon, a corporation with its principal place of business in Washington, and sold in the Amazon Store products bearing counterfeit versions of the YETI Trademarks and which otherwise infringed YETI's IP. Additionally, Defendants shipped products bearing counterfeit versions of the YETI Trademarks to consumers in Washington. Each Defendant committed, or facilitated the commission of, tortious acts in Washington and has wrongfully caused Amazon and YETI substantial injury in Washington.

15.     Further, the named Defendants have consented to the jurisdiction of this Court by agreeing to the Amazon Services Business Solutions Agreement ("BSA"), which provides that the "Governing Courts" for claims to enjoin infringement or misuse of IP rights and claims related to the sale of counterfeit products in the Amazon Store are the state or federal courts located in King County, Washington.

16.     Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events giving rise to the claims occurred in the Western District of Washington. Venue is also proper in this Court because Defendants consented to it under the BSA.

17.     Pursuant to Local Civil Rule 3(e), intra-district assignment to the Seattle Division is proper because the claims arose in this Division, where (a) Amazon resides, (b) injuries giving rise to suit occurred, and (c) Defendants directed their unlawful conduct.

## IV.     FACTS

### A.     Amazon's Efforts to Prevent the Sale of Counterfeit Goods

18.     Amazon works hard to build and protect the reputation of its stores as a place where customers can conveniently select from a wide array of authentic goods and services at

Davis Wright Tremaine LLP
920 Fifth Avenue, Suite 3300
Seattle, WA  98104-1640
206.622.3150 main · 206.757.7700 fax

competitive prices. Amazon invests vast resources to ensure that when customers make purchases in Amazon's stores—either directly from Amazon or from one of its millions of third-party sellers—customers receive authentic products made by the true manufacturer of those products.

19.     A small number of bad actors seek to take advantage of the trust customers place in Amazon by attempting to create Amazon selling accounts to advertise, market, offer, distribute, and sell counterfeit products. These bad actors seek to misuse and infringe the trademarks and other IP of the true manufacturers of those products to deceive Amazon and its customers. This unlawful and expressly prohibited conduct undermines the trust that customers, sellers, and manufacturers place in Amazon, and tarnishes Amazon's brand and reputation, thereby causing irreparable harm to Amazon.

20.     Amazon continues to innovate to stay ahead of bad actors, and now requires live verification, connecting prospective selling partners with Amazon employees through video chats or in-person appointments to verify their identity and documentation. Amazon reviews the seller-provided identity documents to determine whether those documents are both valid and legitimate, such as confirming that the seller has provided a fully legible copy of the document, verifying that the document matches the information the seller provided to Amazon with respect to their identity, and analyzing whether the document shows any signs of alteration, tampering, or fabrication. These measures have made it more difficult for bad actors to hide. Amazon's seller verification, coupled with continued advancements in Amazon's machine learning-based detection, are deterring bad actors from even attempting to create new Amazon selling accounts. The number of bad actor attempts to create new selling accounts decreased from 6 million attempts in 2020, to 2.5 million attempts in 2021, to 800,000 attempts in 2022.

21.     Amazon prohibits the sale of inauthentic and fraudulent products and is constantly innovating on behalf of its customers and working with brands, manufacturers, rights owners, and others to improve the detection and prevention of counterfeit products from ever being offered to customers in Amazon's stores. Amazon employs dedicated teams of software

Davis Wright Tremaine LLP
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1640
206.622.3150 main · 206.757.7700 fax

engineers, research scientists, program managers, and investigators to prevent counterfeits from being offered in Amazon's stores. Amazon's systems automatically and continuously scan thousands of data points to prevent, detect, and remove counterfeits from its stores and to terminate the selling accounts of bad actors before they can offer counterfeit products. When Amazon identifies issues based on this feedback, it takes action to address them. Amazon also uses this intelligence to improve its proactive prevention controls.

22.     In 2017, Amazon launched Brand Registry, a free service that offers rights owners an enhanced suite of tools for monitoring and reporting potential instances of infringement, regardless of their relationship with Amazon. Brand Registry delivers automated brand protections that use machine learning to predict infringement and proactively protect brands' IP. Brand Registry also provides a powerful Report a Violation Tool that allows brands to search for and accurately report potentially infringing products using state-of-the-art image search technology. In 2022, through continued improvements in Amazon's automated protections, brands found fewer infringing products in Amazon's stores, with the number of valid notices of infringement submitted by brands in Brand Registry decreasing by more than 35% from 2021.

23.     In 2018, Amazon launched Transparency, a product serialization service that effectively eliminates counterfeits for enrolled products. Brands enrolled in Transparency can apply a unique 2D code to every unit they manufacture, which allows Amazon, other retailers, law enforcement, and customers to determine the authenticity of any Transparency-enabled product, regardless of where the product was purchased. In 2022, over 33,000 brands were using Transparency, an increase of 40% from 2021, enabling the protection of more than 900 million product units across the supply chain.

24.     In 2019, Amazon launched Project Zero, a program to empower brands to help Amazon drive counterfeits to zero. Project Zero introduced a novel self-service counterfeit removal tool that enables brands to remove counterfeit listings directly from Amazon's stores. This enables brands to take down counterfeit product offerings on their own within minutes. In 2022, there were more than 22,000 brands enrolled in Project Zero. For every listing removed by

Davis Wright Tremaine LLP
920 Fifth Avenue, Suite 3300
Seattle, WA  98104-1640
206.622.3150 main · 206.757.7700 fax

a brand, Amazon's automated protections removed more than 1,000 listings through scaled technology and machine learning, stopping those listings from appearing in Amazon's stores.

25.     Once a seller begins selling in Amazon's stores, Amazon continues to monitor the selling account's activities for risks. If Amazon identifies a bad actor, it closes that actor's selling account, withholds funds disbursement, and investigates whether other accounts are involved in unlawful activities.

26.     In addition to the measures discussed above, Amazon actively cooperates with rights owners and law enforcement to identify and prosecute bad actors suspected of engaging in illegal activity. Lawsuits, like this one, as well as criminal referrals, are integral components of Amazon's efforts to combat counterfeits and other inauthentic products.

### B.     YETI and Its Anti-Counterfeiting Efforts

27.     YETI has extensively and continuously used, advertised, and promoted the YETI Trademarks in the United States in association with the sale of high-quality goods, spending millions of dollars promoting the YETI brand and products bearing the YETI Trademarks. As a result of YETI's efforts, consumers know and identify products bearing or sold under the YETI Trademarks as being high quality merchandise sponsored and approved by YETI. YETI goes to great lengths to maintain this recognition and to protect consumers from counterfeits of its products, and is committed to leading efforts to combat counterfeit products. YETI carefully monitors and polices the use of the YETI Trademarks, utilizing both internal and external resources to combat counterfeits.

28.     YETI is currently enrolled in Brand Registry and Project Zero. YETI has been actively using the tools and protections provided by these programs and used them to report the counterfeiting activity described in this Complaint.

### C.     Defendants Created Amazon Selling Accounts and Agreed Not to Sell Counterfeit Goods

29.     Between July 2022 and November 2022, Defendants established, controlled, and operated the Selling Accounts detailed in Section D below, through which they sought to

COMPLAINT FOR DAMAGES AND EQUITABLE RELIEF - 8

Davis Wright Tremaine LLP
920 Fifth Avenue, Suite 3300
Seattle, WA  98104-1640
206.622.3150 main · 206.757.7700 fax

advertise, market, offer, distribute, and sell counterfeit YETI products. In connection with the Selling Accounts, Defendants provided Amazon with names, email addresses, and banking information for each account.

30.     On information and belief, the Selling Accounts were operated by Defendants acting in concert. For instance, the Bickes Defendant and Acar Defendant both submitted falsified invoices to Amazon purporting to show that their counterfeit products came from suppliers of authentic products. The falsified invoices shared an identical (falsified) format and purported to be from the same supplier.

31.     To become a third-party seller in the Amazon Store, sellers are required to agree to the BSA, which governs the applicant's access to and use of Amazon's services and states Amazon's rules for selling in the Amazon Store. By entering into the BSA, each seller represents and warrants that it "will comply with all applicable Laws in [the] performance of its obligations and exercise of its rights" under the BSA. A true and correct copy of the applicable version of the BSA, namely, the version Defendants last agreed to when using Amazon's services, is attached as **Exhibit B**.

32.     Under the terms of the BSA, Amazon specifically identifies the sale of counterfeit goods as "deceptive, fraudulent, or illegal activity" in violation of Amazon's policies, reserving the right to withhold payments and terminate the selling account of any bad actor who engages in such conduct. Ex. B, ¶¶ 2-3. The BSA requires the seller to defend, indemnify, and hold harmless Amazon against any claims or losses arising from the seller's "actual or alleged infringement of any Intellectual Property Rights." *Id.* ¶ 6.1.

33.     Additionally, the BSA incorporates, and sellers therefore agree to be bound by, Amazon's Anti-Counterfeiting Policy, the applicable version of which is attached as **Exhibit C**. The Anti-Counterfeiting Policy expressly prohibits the sale of counterfeit goods in the Amazon Store:

- The sale of counterfeit products is strictly prohibited.

Davis Wright Tremaine LLP
920 Fifth Avenue, Suite 3300
Seattle, WA  98104-1640
206.622.3150 main · 206.757.7700 fax

- You may not sell any products that are not legal for sale, such as products that have been illegally replicated, reproduced, or manufactured[.]

- You must provide records about the authenticity of your products if Amazon requests that documentation[.]

Failure to abide by this policy may result in loss of selling privileges, funds being withheld, destruction of inventory in our fulfillment centers, and other legal consequences.

*Id.*

34.     Amazon's Anti-Counterfeiting Policy further describes Amazon's commitment to preventing the sale and distribution of counterfeit goods in the Amazon Store together with the consequences of doing so:

- Sell Only Authentic and Legal Products. It is your responsibility to source, sell, and fulfill only authentic products that are legal for sale. Examples of prohibited products include:

  o Bootlegs, fakes, or pirated copies of products or content

  o Products that have been illegally replicated, reproduced, or manufactured

  o Products that infringe another party's intellectual property rights

- Maintain and Provide Inventory Records. Amazon may request that you provide documentation (such as invoices) showing the authenticity of your products or your authorization to list them for sale. You may remove pricing information from these documents, but providing documents that have been edited in any other way or that are misleading is a violation of this policy and will lead to enforcement against your account.

- Consequences of Selling Inauthentic Products. If you sell inauthentic products, we may immediately suspend or terminate your Amazon selling account (and any related accounts), destroy any inauthentic products in our fulfillment centers at your expense, and/or withhold payments to you.

- Amazon Takes Action to Protect Customers and Rights Owners. Amazon also works with manufacturers, rights holders, content owners, vendors, and sellers to improve the ways we detect and prevent inauthentic products from reaching our customers. As a result of our detection and enforcement activities, Amazon may:

  o Remove suspect listings.

  o Take legal action against parties who knowingly violate this policy and harm our customers. In addition to criminal fines and imprisonment, sellers and suppliers of inauthentic products may face civil penalties including the loss of any amounts received from the sale of inauthentic

Davis Wright Tremaine LLP
920 Fifth Avenue, Suite 3300
Seattle, WA  98104-1640
206.622.3150 main · 206.757.7700 fax

products, the damage or harm sustained by the rights holders, statutory and other damages, and attorney's fees.

- Reporting Inauthentic Products. We stand behind the products sold on our site with our A-to-z Guarantee, and we encourage rights owners who have product authenticity concerns to notify us. We will promptly investigate and take all appropriate actions to protect customers, sellers, and rights holders. You may view counterfeit complaints on the Account Health page in Seller Central.

*Id.*

35.     When Defendants registered as third-party sellers in the Amazon Store, and established their Selling Accounts, they agreed not to advertise, market, offer, distribute, or sell counterfeit products, and agreed to provide Amazon with accurate and complete information and to ensure that information remained as such.

**D.     Defendants' Sale of Counterfeit YETI Products**

36.     On information and belief, Defendants advertised, marketed, offered, distributed, and sold YETI-branded products in the Amazon Store. The counterfeit YETI-branded products sold by Defendants are identified and described below.

37.     YETI has conducted multiple test purchases of YETI-branded products sold by Defendants' Selling Accounts and determined that the products are counterfeit, that each bears a counterfeit YETI Trademark, and that YETI has never authorized the sale of such products, as detailed below.

**Selling Account #1 – Semra Acar – YETI Test Purchase**

38.     From September 2022 through October 2022, the Acar Defendant advertised, marketed, offered, distributed, and sold inauthentic YETI tumblers in the Amazon Store through the Semra Acar Selling Account. On information and belief, during this period, the Semra Acar Selling Account was controlled and operated by the Acar Defendant and, on information and belief, other parties, known and unknown.

39.     On October 13, 2022, YETI conducted a test purchase from the Semra Acar Selling Account of a product advertised and offered for sale as a YETI-branded tumbler. Defendants shipped to YETI a product that bears the YETI Trademarks and other indications of

Davis Wright Tremaine LLP
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1640
206.622.3150 main · 206.757.7700 fax

its brand. YETI reviewed the physical sample of the YETI-branded product advertised, offered for sale, and sold by the Semra Acar Selling Account and determined that the product is counterfeit and bears a counterfeit YETI Trademark. YETI reached this conclusion through visual inspection of the product and the observation of certain characteristics which are not consistent with those found on genuine YETI products.

### Selling Account # 2 – Deryastore46 – YETI Test Purchase

40.    From September 2022 through November 2022, the Bickes Defendant advertised, marketed, offered, distributed, and sold inauthentic YETI tumblers in the Amazon Store through the Deryastore46 Selling Account. On information and belief, during this period, the Deryastore46 Selling Account was controlled and operated by the Bickes Defendant and, on information and belief, other parties, known and unknown.

41.    On October 13, 2022, YETI conducted a test purchase from the Deryastore46 Selling Account of a product advertised and offered for sale as a YETI-branded tumbler. Defendants shipped to YETI a product that bears the YETI Trademarks and other indications of its brand. YETI reviewed the physical sample of the YETI-branded product advertised, offered for sale, and sold by the Deryastore46 Selling Account and determined that the product is counterfeit and bears a counterfeit YETI Trademark. YETI reached this conclusion through visual inspection of the product and the observation of certain characteristics which are not consistent with those found on genuine YETI products.

### E.    Defendants' Coordinated Sale of Counterfeit YETI Products

42.    On information and belief, Defendants operated in concert with one another in their advertising, marketing, offering, distributing, and selling of inauthentic YETI-branded products, including sourcing their counterfeits from the same supplier and submitting to Amazon the same falsified invoices.

### F.    Amazon Shut Down Defendants' Selling Accounts

43.    By selling counterfeit and infringing YETI products, Defendants falsely represented to Amazon and its customers that the products Defendants sold were genuine

COMPLAINT FOR DAMAGES AND EQUITABLE RELIEF - 12

products made by YETI. Defendants also knowingly and willfully used YETI's IP in connection with the advertising, marketing, offering, distributing, and selling of counterfeit and infringing YETI products.

44.     At all times, Defendants knew they were prohibited from violating third-party IP rights or any applicable laws while selling products in the Amazon Store from misrepresenting the authenticity of the products sold, and from misleading Amazon and its customers through their sale of inauthentic YETI products. Defendants have breached the terms of their agreement with Amazon, deceived Amazon's customers and Amazon, infringed and misused the IP rights of YETI, harmed the integrity of and customer trust in the Amazon Store, and tarnished Amazon's and YETI's brands.

45.     After receiving notice from YETI of Defendants' activities, Amazon verified Defendants' unlawful sale of counterfeit YETI products, blocked the Defendants' Selling Accounts, and refunded affected customers. In doing so, Amazon exercised its rights under the BSA to protect its customers and the reputations of Amazon and YETI.

46.     Pursuant to Amazon's A-to-z guarantee, Amazon also proactively issued full refunds to customers who purchased purported YETI products from Defendants. Defendants have not reimbursed Amazon

## V.     CLAIMS

### FIRST CLAIM
*(by YETI against all Defendants)*
**Trademark Counterfeiting and Trademark Infringement – 15 U.S.C. § 1114**

47.     Plaintiff YETI incorporates by reference the allegations of the preceding paragraphs as though set forth herein.

48.     Defendants' activities constitute counterfeiting and infringement of the YETI Trademarks as described in the paragraphs above.

49.     YETI owns the YETI Trademarks and advertises, markets, offers, distributes, and sells its products using the YETI Trademarks described above and uses those trademarks to

COMPLAINT FOR DAMAGES AND EQUITABLE RELIEF - 13

distinguish its products from the products and related items of others in the same or related fields.

50.     Because of YETI long, continuous, and exclusive use of the YETI Trademarks identified in this Complaint, the trademarks have come to mean, and are understood by customers and the public to signify, products from YETI.

51.     Defendants unlawfully advertised, marketed, offered, distributed, and sold products bearing counterfeit and infringing versions of the YETI Trademarks with the intent and likelihood of causing customer confusion, mistake, and deception as to the products' source, origin, and authenticity. Specifically, Defendants intended customers to believe, incorrectly, that the products originated from, were affiliated with, and/or were authorized by YETI and likely caused such erroneous customer beliefs.

52.     As a result of Defendants' wrongful conduct, YETI is entitled to recover its actual damages, Defendants' profits attributable to the infringement, treble damages, and attorneys' fees pursuant to 15 U.S.C. § 1117(a) and (b). Alternatively, YETI is entitled to statutory damages under 15 U.S.C. § 1117(c) for Defendants' use of counterfeit marks.

53.     YETI is further entitled to injunctive relief, including an order impounding all counterfeit and infringing products and promotional materials in Defendants' possession. YETI has no adequate remedy at law for Defendants' wrongful conduct because, among other things: (a) the YETI Trademarks are unique and valuable properties that have no readily determinable market value; (b) Defendants' counterfeiting and infringing activities constitutes harm to YETI and YETI's reputation and goodwill such that YETI could not be made whole by any monetary award; (c) if Defendants' wrongful conduct is allowed to continue, the public is likely to become further confused, mistaken, or deceived as to the source, origin, or authenticity of the counterfeiting and infringing materials; and (d) the resulting harm to YETI, due to Defendants' wrongful conduct is likely to be continuing.

Davis Wright Tremaine LLP
920 Fifth Avenue, Suite 3300
Seattle, WA  98104-1640
206.622.3150 main · 206.757.7700 fax

**SECOND CLAIM**
*(by YETI against all Defendants)*
**False Designation of Origin and False Advertising – 15 U.S.C. § 1125(a)**

54.     Plaintiff YETI incorporates by reference the allegations of the preceding paragraphs as though set forth herein.

55.     YETI owns the YETI Trademarks and advertises, markets, offers, distributes, and sells its products using the trademarks described above, and uses the trademarks to distinguish its products from the products and related items of others in the same or related fields.

56.     Because of YETI's long, continuous, and exclusive use of the YETI Trademarks identified in this Complaint, the trademarks have come to mean, and are understood by customers, end users, and the public, to signify products from YETI.

57.     Defendants' wrongful conduct includes the infringement of the YETI Trademarks in connection with Defendants' commercial advertising, marketing, offering, distributing, and selling, of counterfeit YETI products in interstate commerce.

58.     In advertising, marketing, offering, distributing, and selling products bearing counterfeit versions of the YETI Trademark, Defendants have used, and on information and belief continue to use, the trademarks referenced above to compete unfairly with YETI and to deceive customers. Upon information and belief, Defendants' wrongful conduct misleads and confuses customers and the public as to the origin and authenticity of the goods and services advertised, marketed, offered, distributed, or sold in connection with the YETI Trademarks and wrongfully trades upon YETI's goodwill and business reputation.

59.     Defendants' conduct constitutes (a) false designation of origin, (b) false or misleading description, and (c) false or misleading representation that products originate from or are authorized by YETI, all in violation of 15 U.S.C. § 1125(a)(1)(A).

60.     Defendants' conduct also constitutes willful false statements in connection with goods and/or services distributed in interstate commerce in violation of 15 U.S.C. § 1125(a)(1)(B).

Davis Wright Tremaine LLP
920 Fifth Avenue, Suite 3300
Seattle, WA  98104-1640
206.622.3150 main · 206.757.7700 fax

61.    YETI is entitled to an injunction against Defendants, their officers, agents, representatives, servants, employees, successors and assigns, and all other persons in active concert or participation with them, as set forth in the Prayer for Relief below. Defendants' acts have caused irreparable injury to YETI. On information and belief, that injury is continuing. An award of monetary damages cannot fully compensate YETI for its injuries, and YETI lacks an adequate remedy at law.

62.    YETI is further entitled to recover Defendants' profits, YETI's damages for its losses, and YETI's costs to investigate and remediate Defendants' conduct and bring this action, including its attorneys' fees, in an amount to be determined. YETI is also entitled to the trebling of any damages award as allowed by law.

## THIRD CLAIM
### *(by Amazon against all Defendants)*
**False Designation of Origin and False Advertising – 15 U.S.C. § 1125(a)**

63.    Plaintiff Amazon incorporates by reference the allegations of the preceding paragraphs as though set forth herein.

64.    Amazon's reputation for trustworthiness is at the heart of its relationship with customers. Defendants' actions in selling counterfeits pose a threat to Amazon's reputation because they undermine and jeopardize customer trust in the Amazon Store.

65.    Specifically, Defendants deceived Amazon and its customers about the authenticity of the products they were advertising, marketing, offering, distributing, and selling, in direct and willful violation of the BSA and Amazon's Anti-Counterfeiting Policies. Defendants' deceptive acts were material to Amazon's decision to allow Defendants to sell their products in the Amazon Store because Amazon would not have allowed Defendants to do so but for their deceptive acts.

66.    In advertising, marketing, offering, distributing, and selling counterfeit YETI products in the Amazon Store, Defendants made false and misleading statements of fact about the origin, sponsorship, or approval of those products in violation of 15 U.S.C. § 1125(a)(1)(A).

Davis Wright Tremaine LLP
920 Fifth Avenue, Suite 3300
Seattle, WA  98104-1640
206.622.3150 main · 206.757.7700 fax

67.     Defendants' acts also constitute willful false statements in connection with goods and/or services distributed in interstate commerce in violation of 15 U.S.C. § 1125(a)(1)(B).

68.     As described above, Defendants, through their illegal acts, have willfully deceived Amazon and its customers, jeopardized the trust that customers place in the Amazon Store, tarnished Amazon's brand and reputation, and harmed Amazon and its customers. Defendants' misconduct has also caused Amazon to expend significant resources to investigate and combat Defendants' wrongdoing and to bring this lawsuit to prevent Defendants from causing further harm to Amazon and its customers. Defendants' illegal acts have caused irreparable injury to Amazon and, on information and belief, that injury is ongoing at least to the extent that Defendants continue to establish selling accounts under different or false identities. An award of monetary damages alone cannot fully compensate Amazon for its injuries, and thus Amazon lacks an adequate remedy at law.

69.     Amazon is entitled to an injunction against Defendants, their officers, agents, representatives, servants, employees, successors and assigns, and all other persons in active concert or participation with them, as set forth in the Prayer for Relief below, along with its attorneys' fees and costs in investigating and bringing this lawsuit.

70.     Amazon is also entitled to recover its damages arising from Defendants' sale of counterfeit products in the Amazon Store.

### FOURTH CLAIM
***(by YETI and Amazon against all Defendants)***
**Violation of Washington Consumer Protection Act, RCW 19.86.010, *et seq.***

71.     Plaintiffs incorporate by reference the allegations of the preceding paragraphs as though set forth herein.

72.     Defendants' advertising, marketing, offering, distributing, and selling of counterfeit YETI products constitute an unfair method of competition and unfair and deceptive acts or practices in the conduct of trade or commerce, in violation of RCW 19.86.020.

COMPLAINT FOR DAMAGES AND EQUITABLE RELIEF - 17

Davis Wright Tremaine LLP
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1640
206.622.3150 main · 206.757.7700 fax

73.     Defendants' advertising, marketing, offering, distributing, and selling of counterfeit YETI products harm the public interest by deceiving customers about the authenticity, origins, and sponsorship of the products.

74.     Defendants' advertising, marketing, offering, distributing, and selling of counterfeit YETI products directly and proximately causes harm to and tarnishes Plaintiffs' reputations and brands, and damages their business and property interests and rights.

75.     Accordingly, Plaintiffs seek to enjoin further violations of RCW 19.86.020 and recover from Defendants their attorneys' fees and costs. YETI further seeks to recover from Defendants its actual damages, trebled, and Amazon further seeks to recover from Defendants its actual damages, trebled, with regards to Defendants' activities involving the sale of counterfeit products.

**FIFTH CLAIM**
*(by Amazon. com Services LLC[1] against all Defendants)*
**Breach of Contract**

76.     Plaintiff Amazon incorporates by reference the allegations of the preceding paragraphs as though set forth herein.

77.     Defendants established the Selling Accounts and entered into Amazon's BSA, a binding and enforceable contract between Defendants and Amazon. Defendants also contractually agreed to be bound by the policies incorporated by reference into the BSA, including Amazon's Anti-Counterfeiting Policy and other policies as maintained on the Amazon seller website.

78.     Amazon performed all obligations required of it under the terms of the contract with Defendants or was excused from doing so.

79.     Defendants' sale and distribution of counterfeit YETI products materially breached the BSA and the Anti-Counterfeiting Policy in numerous ways. Among other things, Defendants' conduct constitutes infringement and misuse of the IP rights of YETI.

---

[1] For the Fifth Claim only, "Amazon" shall refer to Amazon.com Services LLC only.

COMPLAINT FOR DAMAGES AND EQUITABLE RELIEF - 18

Davis Wright Tremaine LLP
920 Fifth Avenue, Suite 3300
Seattle, WA  98104-1640
206.622.3150 main · 206.757.7700 fax

80.     In furtherance of their sale and distribution of counterfeit YETI products, Defendants further breached the BSA and its incorporated policies by submitting falsified documents to Amazon in order to obtain approval to sell the products in the Amazon Store.

81.     Defendants' breaches have caused significant harm to Amazon, and Amazon is entitled to damages in an amount to be determined.

## VI.     PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully pray for the following relief:

A.      That the Court enter an order permanently enjoining Defendants, their officers, agents, representatives, servants, employees, successors, assigns, and all others in active concert or participation with them, from:

(i)      selling products in Amazon's stores;

(ii)     selling products to Amazon or any affiliate;

(iii)    opening or attempting to open any Amazon selling accounts;

(iv)    importing, manufacturing, producing, distributing, circulating, offering to sell, selling, advertising, promoting, or displaying any product or service using any simulation, reproduction, counterfeit, copy, or colorable imitation of YETI's brand or trademarks, or which otherwise infringes YETI's IP, on any platform or in any medium; and

(v)     assisting, aiding or abetting any other person or business entity in engaging in or performing any of the activities referred to in subparagraphs (i) through (iv) above;

B.      That the Court enter judgment in Plaintiffs' favor on all claims brought by them;

C.      That the Court enter an order pursuant to 15 U.S.C. § 1118 impounding and permitting destruction of all counterfeit and infringing products bearing the YETI Trademarks or that otherwise infringe YETI's IP, and any related materials, including business records and materials used to reproduce any infringing products, in Defendants' possession or under their control;

COMPLAINT FOR DAMAGES AND EQUITABLE RELIEF - 19

D.      That the Court enter an order requiring Defendants to provide Plaintiffs a full and complete accounting of all amounts due and owing to Plaintiffs as a result of Defendants' unlawful activities;

E.      That the Court enter an order requiring Defendants to pay all general, special, and actual damages which YETI has sustained, or will sustain as a consequence of Defendants' unlawful acts, plus Defendants' profits from the unlawful conduct described herein, together with its statutory damages, and that such damages be enhanced, doubled, or trebled as provided for by 15 U.S.C. § 1117, RCW 19.86.020, or otherwise allowed by law, and that Amazon's damages, plus Defendants' profits, related to Defendants' activities involving the sale of counterfeit products be enhanced, doubled, or trebled as provided for by 15 U.S.C. § 1117, RCW 19.86.020 or otherwise allowed by law;

F.      That the Court enter an order requiring Defendants to pay the maximum amount of prejudgment interest authorized by law;

G.      That the Court enter an order requiring Defendants to pay the costs of this action and Plaintiffs' reasonable attorneys' fees incurred in prosecuting this action, as provided for by 15 U.S.C. § 1117, RCW 19.86.020, or otherwise allowed by law;

H.      That the Court enter an order requiring that identified financial institutions restrain and transfer to Plaintiffs all amounts arising from Defendants' unlawful counterfeiting activities as set forth in this lawsuit, up to a total amount necessary to satisfy monetary judgment in this case; and

I.      That the Court grant Plaintiffs such other, further, and additional relief as the Court deems just and equitable.

Davis Wright Tremaine LLP
920 Fifth Avenue, Suite 3300
Seattle, WA  98104-1640
206.622.3150 main · 206.757.7700 fax

DATED this 22nd day of May, 2023.

DAVIS WRIGHT TREMAINE LLP
*Attorneys for Plaintiffs*

s/ *Scott R. Commerson*
Scott R. Commerson, WSBA #58085
865 South Figueroa Street, Suite 2400
Los Angeles, CA 90017-2566
Tel: (213) 633-6800
Fax: (213) 633-6899
Email: scottcommerson@dwt.com

s/ *Lauren Rainwater*
Lauren Rainwater, WSBA #43625
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1604
Tel: (206) 622-3150
Fax: (206) 757-7700
Email: laurenrainwater@dwt.com

Davis Wright Tremaine LLP
920 Fifth Avenue, Suite 3300
Seattle, WA  98104-1640
206.622.3150 main · 206.757.7700 fax