UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| AMAZON.COM, INC., et al., <br><br> Plaintiffs, <br><br> v. <br><br> SEMRA ACAR, et al., <br><br> Defendants. | CASE NO. C23-0749JLR <br><br> ORDER |

## I.   INTRODUCTION

Before the court is Plaintiffs Amazon.com, Inc., Amazon.com Services LLC (together, "Amazon"), and YETI Coolers, LLC's ("YETI", and with Amazon, "Plaintiffs") *ex parte* motion for alternative service of process.  (Mot. (Dkt. # 17); *see* Compl. (Dkt. # 1).)  Plaintiffs seek leave to serve Defendants Semra Acar, doing business as the Amazon selling account "Semra Acar," and Derya Bickes, doing business as the Amazon selling account "Deryastore46" (together, "Defendants") using the email addresses associated with their Amazon selling accounts.  (*See generally* Mot.)  Neither

ORDER - 1

Defendant has appeared in this action and neither has filed a response to the motion. (*See generally* Dkt.) Being fully advised, the court GRANTS Plaintiffs' *ex parte* motion for alternative service of process.

## II. BACKGROUND

This action arises from Defendants' alleged sale of counterfeit YETI-branded drinkware on Amazon.com. (Compl. ¶¶ 1, 4 (describing the YETI Trademarks), 29-30, 36-46 (describing Defendants' alleged roles in advertising, marketing, offering, distributing, and selling those products).) When they created their selling accounts, each Defendant provided to Amazon an email address that would be used to conduct business through the selling accounts and to serve as the primary means of communication between Amazon and Defendants. (Garrett Decl. (Dkt. # 19) ¶¶ 4-5.)

Counsel for Amazon worked with investigators who reviewed the information Defendants provided to Amazon and Turkish authorities and identified two physical addresses in Turkey associated with Defendants. (Commerson Decl. (Dkt. # 18) ¶ 2.) On October 4, 2023, in accordance with the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents (the "Hague Convention"), counsel transmitted the documents required for service of process to a foreign service agent, who in turn submitted the documents to Turkey's Central Authority. (*Id.* ¶ 3.) Subsequently, the foreign service agent informed counsel that the Central Authority was unable to serve Acar because the address could not be located and was unable to serve Bickes because the address had been in a building that collapsed as a result of the February 2023

1 earthquake in Turkey. (*Id.* ¶¶ 4-5.) Subsequent efforts to identify other addresses for Defendants were unsuccessful. (*Id.* ¶ 6.)

On May 8, 2024, counsel directed that test emails be sent to the email addresses associated with Acar's selling account (seckinkavdir0@gmail.com) and Bickes's selling account (deryabikecamazon@gmail.com). (*Id.* ¶ 8.) These test messages informed Defendants of the lawsuit and contained copies of the complaint, civil cover sheet, and summonses. (*Id.*) Counsel did not receive any error notices, bounce-back messages, or other indications that that the test emails were not delivered. (*Id.*) Plaintiffs now ask the court for leave to serve Acar and Bickes using the email addresses associated with their Amazon selling accounts. (*See generally* Mot.)

### III.   ANALYSIS

Federal Rule of Civil Procedure 4(h) governs service of process on foreign businesses. Fed. R. Civ. P. 4(h). Rule 4(h)(2) authorizes service of process on a foreign corporation "at a place not within any judicial district of the United States, in any manner prescribed by Rule 4(f) for serving an individual, except personal delivery under (f)(2)(C)(i)." Fed. R. Civ. P. 4(h)(2). Rules 4(f)(1) and 4(f)(2) provide specific methods of serving process on individuals in foreign countries. *See* Fed. R. Civ. P. 4(f)(1)-(2). Rule 4(f)(3) allows international service by a method not listed in Rule 4(f)(1) or (2) if the method is "not prohibited by international agreement, as the court orders." Fed. R. Civ. P. 4(f)(3). As long as the method of service is "court-directed and not prohibited by an international agreement, service of process ordered under Rule 4(f)(3) may be accomplished in contravention of the laws of the foreign country." *Rio Props., Inc. v. Rio*

*Int'l Interlink*, 284 F.3d 1007, 1014 (9th Cir. 2002).  "Service under Rule 4(f)(3) is neither a 'last resort' nor 'extraordinary relief'"; rather, "[i]t is merely one means among several which enables service of process on an international defendant." *Id.* at 1015 (quoting *Forum Fin. Grp., LLC v. President & Fellows of Harvard Coll.*, 199 F.R.D. 22, 23 (D. Me. 2001)).

"Even if facially permitted by Rule 4(f)(3)," however, "a method of service of process must also comport with constitutional notions of due process." *Rio Props.*, 284 F.3d at 1016.  "[T]he method of service crafted by the district court must be 'reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections.'" *Id.* at 1016-17 (quoting *Mullane v. Cent. Hanover Bank & Tr. Co.*, 339 U.S. 306, 314 (1950)).  Thus, the court proceeds to analyze (1) whether service of process by email to Defendants in Turkey is permitted under Rule 4(f)(3) and (2) whether that method comports with due process.

**A.     Rule 4(f)(3)**

First, the court concludes that service of process by email on Defendants located in Turkey is not "prohibited by international agreement" and is therefore permitted by Rule 4(f)(3).  Fed. R. Civ. P 4(f)(3)

Turkey is a signatory to the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents (the "Hague Convention").  *See* Contracting Parties, *available at* https://www.hcch.net/en/instruments/ conventions/status-table/?cid=17 (last visited June 18, 2024).  Service through a country's Central Authority is the principal

means of service under the Hague Convention. *See Rubies Costume Co. v. Yiwu Hua Hao Toys Co.*, No. C18-1530RAJ, 2019 WL 6310564, at *2 (W.D. Wash. Nov. 25, 2019). Article 10 of the Hague Convention, however, "preserves the ability of parties to effect service through means other than a recipient-nation's Central Authority as long as the recipient-nation has not objected to the specific alternative means of service used." *Id.* Turkey has implemented the Hague Convention and does not expressly object to service by email. *See* Türkiye – Central Authority & Practical Information, *available at* https://www.hcch.net/en/states/authorities/details3/?aid=277 (last visited June 17, 2024). Courts in the Ninth Circuit and elsewhere have approved alternative service of process by email to defendants in Turkey. *See, e.g.*, *Amazon.com Inc. v. Kitsenka*, No. C22-1574RSL-MLP, 2023 WL 7017078, at *2 (W.D. Wash. Oct. 25, 2023) (granting service by email on defendants believed to reside in Turkey); *Facebook, Inc. v. Sahinturk*, 2021 WL 4295309, at *3 (N.D. Cal. Sept. 21, 2021) (same); *accord Makina v. Kimya Endustrisi A.S*, No. 22 Civ. 3933 (PGG), 2022 WL 3018243, at *3 (S.D.N.Y. July 29, 2022) (same). The court concludes, based on the foregoing, that the Hague Convention and Rule 4(f)(3) do not prohibit service of process on Defendants by email.

**B.    Due Process**

Second, the court concludes that service of process on Defendants using the email addresses associated with their Amazon selling accounts comports with constitutional due process because it is "reasonably calculated, under all the circumstances, to apprise [them] of the pendency of the action and afford them an opportunity to present their objections." *Mullane*, 339 U.S. at 314.

1       The due process requirement for alternative service by email is satisfied when the
2  plaintiff demonstrates that the email addresses at issue are valid and that service by email
3  to those addresses is likely to provide Defendants notice of the lawsuit.  *See, e.g.*, *Padded*
4  *Spaces LLC v. Weiss*, No. C21-0751JLR, 2022 WL 1423701, at *3 (W.D. Wash. May 5,
5  2022) (approving alternative service by email where counsel successfully sent messages
6  to the email addresses associated with defendant's selling account and through its
7  Amazon.com storefront); *Amazon.com, Inc. v. Dafang HaoJiafu Hotpot Store*, No.
8  C21-0766RSM, 2021 WL 4307067, at *1 (W.D. Wash. Sept. 22, 2021) (concluding that
9  service by email would provide sufficient notice where plaintiffs showed that defendants
10 conducted business through the Internet); *Toyo Tire & Rubber Co. v. CIA Wheel Grp.*,
11 No. 15-0246-DOC (DFMX), 2016 WL 1251008, at *3 (C.D. Cal. Mar. 25, 2016)
12 (approving alternative service where plaintiff  successfully sent messages to the
13 defendants' email addresses).  Here, Plaintiffs have demonstrated that the email addresses
14 associated with both Defendants' Amazon selling accounts are used in business and are
15 still valid.  (*See* Garrett Decl. ¶ 5; Commerson Decl. ¶¶ 4, 8.)  In addition, Plaintiffs
16 represent that they will serve Defendants using an online service that "provides proof of
17 authorship, content, delivery, and receipt." (Commerson Decl. ¶ 9.)  Therefore, the court
18 GRANTS Plaintiffs' *ex parte* motion for alternative service by email.

### IV.   CONCLUSION

20      For the foregoing reasons, the court GRANTS Plaintiffs' *ex parte* motion for
21 alternative service of process (Dkt. # 17) and AUTHORIZES Plaintiffs to effect service
22 on Semra Acar by email to seckinkavdir0@gmail.com, and on Derya Bickes by email to

1  deryabikecamazon@gmail.com.  The court further ORDERS Plaintiffs to advise the court

2  of the status of service by no later than **July 18, 2024**.

3　　　　Dated this 18th day of June, 2024.

*[signature]*

JAMES L. ROBART
United States District Judge